UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN P. MOORE, et al.,

        Plaintiffs,        Case No. 20-CV-12350
                                 Honorable Thomas L. Ludington

v.

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff John P. Moore, a state inmate currently incarcerated at the Parnall Correctional Facility (Parnall), in Jackson, Michigan, has filed a *pro se* complaint under 42 U.S.C. § 1983. He names eight defendants, all employees of the Michigan Department of Corrections (MDOC). He raises claims regarding the impact of COVID-19-related restrictions instituted at Parnall on his ability to practice his religion.

Moore seeks declaratory and monetary relief. For the reasons discussed, the complaint will be dismissed without prejudice.

**I.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Moore has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. ECF No. 3. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

## II.

Moore challenges the conditions of his confinement. In mid-March, Parnall Correctional Facility halted all religious service in response to the COVID-19 pandemic. ECF No. 1 at PageID.5. For two months, the facility remained on "quarantine" status at the direction of Defendants Heidi Washington (MDOC director) and Melinda Warden (warden of Parnall). *Id.* Moore states that Parnall has been taken off quarantine status for at least one month and there have been no positive COVID-19 cases within Parnall for two months. *Id.* Moore alleges that nearly all programs have resumed at Parnall, with the exception of religious services. *Id.*

Moore argues that barring prisoners from resuming religious services violates the First Amendment's Free Exercise and Establishment Clauses, the Religious Land Use and

Institutionalized Persons Act, 42 U. .C. §§ 2000cc, et seq., the Fourteenth Amendment's Equal Protection Clause, Title IX, 20 U.S.C. § 1681, and the Michigan Constitution.

### III.

### A.

In addition to John P. Moore, the complaint names two additional plaintiffs, Dontae Brown and Tommy Bennett. However, Moore is the only plaintiff to have signed the complaint and the only plaintiff to have submitted an application to proceed *in forma pauperis*. Moore "lacks standing to assert the constitutional rights of other prisoners." *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). A prisoner also cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court. *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings). There is no indication that Brown and Bennett were even aware of Moore's intent to file this case. Plaintiffs Brown and Bennett will be dismissed without prejudice.

### B.

Approximately one week before this complaint was filed, another complaint was filed in this Court by Moore and several other prisoners. *See Rouse, Moore, et al., v. Trump*, No. 20-12308. The first-filed complaint challenges the same conditions of confinement challenged in the pending matter and is nearly identical in substance to the instant complaint.

"[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citations omitted). A district court may dismiss a complaint when it is duplicative of a pending complaint. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal

courts do, however, retain broad powers to prevent duplicative or unnecessary litigation."). Considering the substantial similarities between the parties, legal claims, factual allegations, and relief sought, in the present complaint and the previously-filed complaint, the Court concludes that the present complaint is duplicative. Therefore, the complaint will be dismissed as duplicative.

**IV.**

Accordingly, it is **ORDERED** that Defendants Dontae Brown and Tommy Bennett are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff Moore's complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: October 1, 2020    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each plaintiff at:
**John P. Moore** #713922, PARNALL CORRECTIONAL FACILITY – SMT, 1780 E. PARNALL, JACKSON, MI 49201; **Dontae Brown** #294823, PARNALL CORRECTIONAL FACILITY – SMT, 1780 E. PARNALL, JACKSON, MI 49201; and T**ommy Bennett** #241603, PARNALL CORRECTIONAL FACILITY – SMT, 1780 E. PARNALL, JACKSON, MI 49201 by first class U.S. mail on October 1, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager